. HOLBROOK & als., *in Equity, versus* THOMAS.

One of the modes, by which a mortgagee may foreclose his mortgage, is by giving public notice in a newspaper in the county where the land lies, three weeks successively; and causing a copy of such printed notice, and name and date of the newspaper, in which it was last published, to be recorded in the registry of deeds, within thirty days after such last publication.

Under this mode of foreclosure, the mortgager has three years in which to redeem, from the time of such *last* publication.

On REPORT from *Nisi Prius*, RICE, J., presiding.
BILL IN EQUITY to redeem land under mortgage.

Holbrook *v.* Thomas.

The defendant, holding a mortgage of the land described in the bill, caused to be published in a public newspaper of the same county, the following: —

"Notice of forelosure. This is to give notice, that I, the subscriber, claim by virtue of a mortgage, dated July 29, 1848, a certain part of a house and land situate in said Frankfort village, more particularly described in said deed, recorded in Waldo Registry of Deeds, vol. 63, p. 294, the condition of said mortgage having been broken, by reason whereof the undersigned claims foreclosure of the same."

The first publication of that notice was on April 19, and the last on May 3, 1850. A copy of the last publication was seasonably recorded.

The plaintiffs. on Nov. 14, 1850, became the owners of the equity of redemption, and on April 27, 1853, notified the defendant, that they were such owners; and were desirous of redeeming the same; and requested the defendant to render a true account of the amount due on said mortgage, and of the rents and profits, and money expended in repairs and improvements, if any; and the defendant refused to render any account.

The facts in the case being found, it was agreed that the presiding Judge should report the same, and that the full Court should determine the following questions: —

1. Does the notice of foreclosure set out sufficient in substance to foreclose the mortgage according to the provisions of the statute?

2. Do the three years, required to foreclose the mortgage commence running from the date of the first or last publication of the notice of foreclosure?

If the Court should be of opinion that the notice was sufficient, and that the three years required to perfect the foreclosure, commence running from the *first* publication, judgment is to be for the defendant.

But if the notice was insufficient, or the three years began to run from the *last* publication, judgment is to be for

the plaintiffs, and that defendant account for rents and profits.

*N. H. Hubbard,* for plaintiffs.

*C. H. Pierce,* for defendant.

HATHAWAY, J. — A bill in equity to redeem land mortgaged. The second question presented by the case is, " do the three years required to foreclose the mortgage commence running from the date of the first or last publication of the notice of foreclosure ?"

One of the modes of foreclosing a mortgage, as provided by stat. c. 125, § 5, is, that the mortgagee, or person holding under him, may give public notice in a newspaper, three weeks successively; and the sixth section of the same statute, provides that the mortgager, or person claiming under him, may redeem within three years next after the "publication mentioned in the preceding section."

The "publication mentioned," is one " three weeks successively," and could of course have no legal effect until the last publication was made, which is the only one entitled by the statute to be recorded, and from which commences the three years right of redemption.

There is no occasion to consider the other question presented, and, as agreed by the parties, "judgment is to be for the plaintiffs and that the defendant account for rents and profits."

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.